IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

BRANDY FINCH,

    Plaintiff,

v.                                           C.A. No.: 3:14-cv-04173

SHREE LAKSHMI CORP., and,
JAGDISHKUMAR PATEL,

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRANDY FINCH, (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendants, SHREE LAKSHMI CORP., and JAGDISHKUMAR PATEL (hereinafter sometimes referred to as "Defendants"), and in support thereof states as follows:

## **INTRODUCTION**

This is an action by Plaintiff against her former employers for unpaid for minimum wage and overtime and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

## **JURISDICTION**

1.    This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work for Defendants and incurred unpaid minimum and overtime wages while working in Collin County, Texas.

## THE PARTIES

3. Plaintiff is an individual residing in Collin County, Texas.

4. Plaintiff was employed by Defendants from January of 2013, until February 13, 2013, as a front desk clerk, who accommodated hotel patrons by registering and assigning rooms to guests, issuing room keys or cards, transmitted and received facsimiles and messages, kept records of occupied rooms and guests' accounts, made and confirmed reservations, and presented statements to and collected payments (including credit card payments) from departing guests.

5. Defendant, JAGDISHKUMAR PATEL, is an individual, who at all times material acted directly and indirectly in the interest of Defendant, SHREE LAKSHMI CORP. in relation to the Plaintiff and her work. JAGDISHKUMAR PATEL is an "employer" pursuant to 29 U.S.C. § 203(d).

6. At all times during Plaintiff's employment, Defendant, JAGDISHKUMAR PATEL, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4)

maintained employment records.

7. During Plaintiff's employment, JAGDISHKUMAR PATEL operated the day-to-day operations of the business of SHREE LAKSHMI CORP.

8. Defendant, SHREE LAKSHMI CORP., is a corporation formed and existing under the laws of the State of Oklahoma and maintains offices in Collin County, Texas, operates a hotel in Collin County, Texas.

10. At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

11. At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12. At all times material to this complaint, Defendant SHREE LAKSHMI CORP., was an enterprise engaged in interstate commerce (e.g., processing credit cards, receiving and making telephone calls and faxes from state to state), operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

13. Additionally, Plaintiff was individually engaged in commerce or in the production of goods for commerce and her work was essential to Defendant's business. Specifically, Plaintiff processed interstate credit card transactions as a

substantial, regular and recurring part of her employment. In addition, as a regular and recurring part of her duties, Plaintiff performed work on goods or products that had moved in interstate commerce, e.g., laundry supplies and linens, handling reservations through interstate telephone calls. As a result of these activities throughout her employment, Plaintiff was individually covered under the FLSA.

14. At all times material to this Complaint, Defendants were the employers of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

## COUNT I
## (MINIMUM WAGE-FAIR LABOR STANDARDS ACT)

15. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 14 above.

16. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than the then-current minimum wage for each hour Plaintiff in a workweek.

17. Plaintiff worked an average of approximately fifty (50) hours per week during her employment with Defendants. However, Defendants paid Plaintiff randomly and did not pay Plaintiff minimum wage during several weeks

of her employment.

18. Defendants used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiff the correct amount of minimum wages due to her as required by the Fair Labor Standards Act.

19. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

20. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

21. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid that should have been paid.

22. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BRANDY FINCH, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff his compensatory damages, service awards,

        attorneys' fees and litigation expenses as provided by law;

b.     Awarding Plaintiff pre-judgment and post-judgment interest as provided by law, should liquidated damages not be awarded;

c.     Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d.     Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
### (OVERTIME –FAIR LABOR STANDARDS ACT ACT)

23.     Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 14 above.

24.     Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a workweek.

25.     Plaintiff worked an average of approximately seventy-two (72) hours per week during her employment with Defendants. However, Defendants paid Plaintiff a monthly salary of $672.00, with no additional premium for work performed in excess of 40 hours per workweek.

26.     Defendants used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiff the correct amount of overtime wages due to her as required by the Fair Labor Standards Act.

27. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

28. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

29. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

30. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BRANDY FINCH, demands Judgment against Defendants, jointly and severally, for the following:

e. Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

f. Awarding Plaintiff pre-judgment and post-judgment interest as provided by law, should liquidated damages not be awarded;

g. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

h.   Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, BRANDY FINCH, demands a jury trial on all issues so triable.

Respectfully submitted this 22nd day of November, 2014.

**ROSS LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com

**VIJAY A. PATTISAPU**
Texas Bar No. 24083633
5956 Sherry Lane, Ste. 1000, PMB 106
Dallas, TX 75225
(214) 716-4597 Telephone
(855) 867-4455 Facsimile
**ATTORNEYS FOR PLAINTIFF**